# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SANTANA RILES, #M-54574, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv−01913−JPG |
| | ) | |
| TERRA RACTLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Santana Riles is currently incarcerated in Menard Correctional Center, and he brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that Nurse Terra Ractley denied him adequate medical treatment for a spider bite, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. (Doc. 5, pp. 15-17). This claim ("Count 5") was severed from *Riles v. Martin, et al.*, Case No. 18-cv-01630-MJR (S.D. Ill. 2018), and is now subject to preliminary review. Pursuant to 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Count 5 survives preliminary review under this standard.

## The Complaint

According to the allegations in the Complaint, Plaintiff was bitten in the neck by a brown recluse spider on or around January 26, 2018. (Doc. 5, pp. 15-17). What began as a throbbing

"bump" on his Adam's apple quickly grew to a dime-sized "hole" in his flesh. When Plaintiff reported the spider bite to a guard on January 28, 2018, he was immediately taken to the health care unit ("HCU"). Nurse Ractley examined the wound and reviewed written instructions for treating spider bites that recommended the same protocol used to treat Methicillin-Resistant *Staphylococcus aureus* (MRSA) infections. The nurse disregarded these instructions and gave Plaintiff antibiotic ointment instead. When he objected, Nurse Ractley told Plaintiff to "quit being a little baby" and sent him back to his cell. Within a day, the painful wound began oozing brown puss. Plaintiff returned to the HCU, where a different nurse took a culture that confirmed the presence of MRSA. Plaintiff was immediately referred to a doctor, who prescribed a two-week course of antibiotics and cleaned his wound daily. A "nasty permanent scar" remains after Plaintiff faced what the Complaint describes as a "potentially life-threatening" situation. *Id*.

## Discussion

In the Memorandum and Severance Order, the Court previously characterized the claim at issue in this severed case, as follows:

**Count 5:** Eighth Amendment deliberate indifference claim against Ractley for failing to promptly treat Plaintiff's venomous spider bite.

(Doc. 1, p. 6). The parties and the Court will continue using this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

To state an Eighth Amendment claim, a plaintiff must show that: (1) he suffered from a serious medical condition (*i.e.*, an objective standard); and (2) the defendant acted with deliberate indifference to his medical condition (*i.e.*, a subjective standard). *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). When construed liberally in favor of the *pro se* plaintiff, the allegations in the Complaint satisfy both standards.

The brown recluse spider bite and MRSA infection are sufficiently serious to support an Eighth Amendment claim. *See, e.g., Myrick v. Anglin*, 496 F. App'x 670, 674 (7th Cir. 2012) (painful MRSA infection sufficiently serious to support Eighth Amendment claim); *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) ("purulent draining infection" accompanied by pain and fever sufficiently serious under Eighth Amendment); *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991) (conditions that are potentially life-threatening or pose a "risk of needless pain or lingering disability" support Eighth Amendment claim). *But see Jellis v. Hulick*, 422 F. App'x 548 (7th Cir. 2011) (two-centimeter spider bite not obviously serious enough to a layperson to support Eighth Amendment claim against guard who delayed treatment for one day).

Nurse Ractley's response to Plaintiff's spider bite and infection could amount to deliberate indifference, which is shown when a defendant acts or fails to act in disregard of a known or obvious risk of harm to the prisoner. *See, e.g., Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) (citation omitted). Neither medical malpractice nor mere disagreement with medical judgment is sufficient to establish deliberate indifference. *Id*. However, a medical provider's choice of an easier and less efficacious treatment for a prisoner's objectively serious medical condition may support a claim. *Id*. In this case, the nurse's decision not to test the wound for infection under the circumstances described in the Complaint supports an Eighth Amendment claim of deliberate indifference at screening. Accordingly, this claim is subject to further review.

### Pending Motion

The Motion for Leave to Proceed *in forma pauperis* shall be addressed in a separate Order.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** survives screening under 28 U.S.C. § 1915A against Defendant **TERRA RACTLEY** and will receive further review.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant **RACTLEY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 5), the Memorandum and Severance Order (Doc. 1) and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, then Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 5, pp. 15-17) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings. Further, this entire matter is **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the

full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/18/2018**

s/J. Phil Gilbert
**U.S. District Judge**

## Notice

**The Court will take the necessary steps to notify the appropriate defendant(s) of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendant(s) will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendant(s)' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.**