# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANTANA RILES,<br><br>    Plaintiff,<br><br>v.<br><br>TERRA RACTLEY,<br><br>    Defendant. | Case No. 3:18-cv-01913-JPG-RJD |

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

In this case, the plaintiff obtained a clerk's entry of default against the defendant pursuant to Federal Rule of Civil Procedure 55(a) because the defendant never filed a responsive pleading. And no attorney ever filed a notice of appearance on behalf of the defendant, despite the defendant being served with process. (ECF Nos. 18, 20.) The plaintiff now asks for a default judgment in his favor. (ECF Nos. 21, 22, 23.) Following an order to show cause from this Court, attorneys entered their appearances for the defendant and have asked the Court to (1) set aside the entry of default and (2) allow them seven days to file a responsive pleading. (ECF Nos. 24, 27.)

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for good cause. The Court should do so if the defendant shows (1) good cause for his default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994); *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1401 (7th Cir. 1993); *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989).

1

Here, the defendant has met the requirements of Rule 55(c). First, she has shown good cause for the default: her then employer—Wexford Health Sources, who is responsible for her representation—erroneously failed to process the required documents and assign the defendant legal counsel. Further, her counsel took quick action to correct that mistake as soon as this Court issued its order to show cause. That is enough for the defendant to meet her burden, so the Court:

- **DIRECTS** the Clerk of Court to **VACATE** the entry of default (ECF No. 20);
- **DENIES** the plaintiff's motions for a default judgment (ECF No. 21, 22, 23); and
- **EXTENDS** the defendant's time to file a responsive pleading to July 16, 2019.

**IT IS SO ORDERED.**

**DATED: JULY 9, 2019**

**s/ *J. Phil Gilbert***
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**
