IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANTANA RILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-01913-JPG |
| ) | |
| TARA RACKLEY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter comes before the Court for consideration of a Motion for Summary Judgment filed by Defendant Tara Rackley on May 4, 2020. (Doc. 46). Defendant seeks dismissal of this action on the merits. (*Id*.). Plaintiff failed to respond to the summary judgment motion by the original deadline of June 8, 2020. The Court entered an Order granting Plaintiff an additional sixty (60) days to respond and warned him that failure to do so would be construed as an admission of the merits of the motion. (Doc. 49) (citing SDIL-LR 7.1(c)). Plaintiff still did not file a written response to the summary judgment motion by the extended deadline of August 8, 2020. For the reasons set forth below, the Court grants the motion for summary judgment.

### BACKGROUND

This case was opened on October 11, 2018. (Doc. 1). In the Complaint filed pursuant to 42 U.S.C. § 1983, Plaintiff claims that Nurse Rackley denied him adequate medical treatment for a spider bite at Menard Correctional Center. (Doc. 5). He developed Methicillin-Resistant *Staphylococcus aureus* (MRSA) infection. (*Id*.). Following threshold review of this matter pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with an Eighth Amendment

1

deliberate indifference claim (Count 1) against Nurse Rackley for failing to promptly treat Plaintiff's spider bite. (Doc. 13).

On May 4, 2020, Nurse Rackley moved for summary judgment. (Doc. 46). The nurse sets forth the following undisputed facts in support of her motion: on January 26, 2018, Plaintiff noticed a throbbing bump on the tip of his Adam's Apple. (Doc. 47, ¶ 4). The bump began to swell two days later, and Plaintiff sought medical treatment for it on January 28, 2018. (*Id*. at ¶ 5). The same day, Nurse Rackley met with Plaintiff. (*Id*. at ¶¶ 6-8). He reportedly noticed the bump two days earlier, but he could not identify any cause for it. (*Id*. at ¶¶ 7-8). Nurse Rackley was also unable to determine any cause. (*Id*.). She noticed no discharge and no other signs of infection. (*Id*.). Consequently, there was no indication that MRSA testing was warranted.[1] (*Id*. at ¶ 12). Nurse Rackley diagnosed Plaintiff with a bite of unknown origin and provided him with acetaminophen, antibiotic ointment, and Band-Aids. (*Id*. at ¶ 13). She educated Plaintiff about the signs of infection and provided him with information that was applicable to insect and spider bites alike. (*Id*.). Nurse Rackley told Plaintiff to let her know if he needed anything. (*Id*. at ¶ 14).

The following day, Plaintiff squeezed the wound and noticed discharge for the first time. (*Id*. at ¶ 15). He returned to the healthcare unit (HCU) for treatment. (*Id*. at ¶¶ 16-18). Nurse Norton confirmed the presence of discharge, took a culture, and tested it for MRSA. (*Id*.). The same day, Nurse Practitioner Moldenhauer met with Plaintiff and indicated that the bite appeared to be caused by a spider. (*Id*. at ¶¶ 19-21). She noted a "possible" insect bite in his medical records and prescribed a ten-day course of antibiotics, *i.e.*, Bactrim. (*Id*.). In the meantime, Plaintiff's culture tested positive for MRSA. (*Id*. at ¶ 22). When Plaintiff returned to the HCU for further evaluation on February 2, 2018, Dr. Siddiqui observed no more drainage. (*Id*. at ¶ 23). Plaintiff

---

[1] The nurse would normally swab discharge from the wound and test it for MRSA. (*Id*. at ¶ 10).

2

nevertheless received regular observation and wound treatment until the infection resolved. (*Id*. at ¶ 24).  By February 10, 2018, the wound completely healed.  (*Id*. at ¶ 25).

Nurse Rackley now moves for summary judgment on the merits of Plaintiff's claim against her.  Defendant argues that the undisputed facts support no Eighth Amendment deliberate indifference claim against her for treatment of Plaintiff's bite with acetaminophen, antibiotic ointment, and Band-Aids on January 28, 2020.

## LEGAL STANDARD

Summary judgment is appropriate only if the moving party can show "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *Celetex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact.  FED. R. CIV. P. 56(c).  If a defendant demonstrates the absence of sufficient evidence to support Plaintiff's claim, Plaintiff must demonstrate by affidavit, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Celotex Corp.*, 477 U.S. at 324-25.  The moving party has the burden of establishing that no material facts are genuinely disputed.  *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004).  Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party.  *Id*.

## ANALYSIS

This case involves a single Eighth Amendment claim against Nurse Rackley for providing Plaintiff with inadequate medical treatment for an insect or spider bite.  This claim has an objective and a subjective component.  *Estelle v. Gamble*, 429 U.S. 97 (1976).  Plaintiff must establish that

he suffered from an objectively, sufficiently serious medical condition, and he must also show that Nurse Rackley responded to it with deliberate indifference. *Id*.

The undisputed facts support no deliberate indifference claim. Nurse Rackley treated Plaintiff for a bite of unknown origins on January 28, 2018. At the time, neither Plaintiff nor Nurse Rackley knew the source of the bite. There were no signs of infection. The nurse nevertheless provided Plaintiff with acetaminophen, antibiotic ointment, and Band-Aids and educated him on the signs of infection. She also invited Plaintiff to contact her about any additional issues, and she did not see or hear from him again about the matter. The Seventh Circuit has long held that an incorrect diagnosis or improper treatment do not amount to deliberate indifference. *See Gutierrez v. Peters*, 111 F.3d 1364 (7th Cir. 1997). *See also Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996) (quoting *Estelle v. Gamble*, 429 U.S. at 106) ("*Estelle* requires us to distinguish between 'deliberate indifference to serious medical needs' of prisoners, on the one hand, and 'negligen[ce] in diagnosing or treating a medical condition' on the other."). In this case, the undisputed facts describe a misdiagnosis at most, not deliberate indifference.

Plaintiff pointed to no genuine issues of material fact that preclude summary judgment. He did not even respond to the motion for summary judgment. He disregarded the Notice filed pursuant to Federal Rule of Civil Procedure 56(e). (Doc. 48). The Rule 56(e) Notice advised Plaintiff that "[i]f a party fails . . . to properly address another party's assertion of fact" the Court may "consider the fact undisputed for purposes of the motion." (*Id*.). He also disregarded the Court's Notice advising Plaintiff that his failure to respond to the summary judgment motion by the extended deadline would be construed as an admission of its merits. (Doc. 49) (citing SDIL-LR 7.1(c)). Local Rule 7.1(c) provides that a party's "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." SDIL-LR

7.1(c). Despite these warnings, Plaintiff failed to respond to the summary judgment motion by the original or the extended deadline.

Accordingly, the Court will exercise its discretion pursuant to Local Rule 7.1(c). Consistent with this rule, the Court construes Plaintiff's failure to respond to the pending summary judgment motion as an admission of the merits of the motion filed by Defendant. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) (noting that a failure to respond constitutes an admission that there are no undisputed material facts). Based on this admission and the foregoing discussion, the Court finds that Plaintiff's claim in Count 1 against Nurse Rackley is unsupported by the undisputed facts and law. Defendant Nurse Rackley is entitled to summary judgment, and this action is subject to dismissal with prejudice. *See* SDIL-LR 7.1(c); FED. R. CIV. P. 41(b) and 56(e).

## DISPOSITION

For the reasons set forth above, Defendant Tara Rackley's Motion for Summary Judgment (Doc. 46) is **GRANTED**. This action, including **COUNT 1**, is **DISMISSED** with prejudice against Defendant **TARA RACKLEY**. The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

**DATED: 9/1/2020**                                        s/J. Phil Gilbert
                                                                           **J. PHIL GILBERT**
                                                                           **United States District Judge**